FILED

June 27, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA



0003592228

**THE LAW OFFICES OF AARON C. KOENIG**
Aaron C. Koenig SBN 255387
331 J. Street, Ste 200
Sacramento, California  95814
Telephone: 916-443-1009

Attorney for Debtor


UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) Case No.: 2011-35798-C-7 |
| | ) |
| RANDOLPH ALAN GERST, | ) MCN: ACK-1 |
| | ) |
| Debtor | ) **MOTION TO REQUIRE THE TRUSTEE TO** |
| | ) **ABANDON PROPERTY OF THE ESTATE** |
| | ) |

DATE: July 12, 2011
TIME: 9:30 a.m.
JUDGE: Hon. Christopher M. Klein
LOCATION: 501 I Street,
6th Floor, Courtroom 35
Sacramento, CA 95814

MOTION TO REQUIRE THE TRUSTEE TO ABANDON PROPERTY OF THE ESTATE


NOW COMES RANDOLPH ALAN GERST, the Debtor in the above-entitled matter, by and through his attorney, Aaron C. Koenig, to require the trustee to abandon property of the estate.

11 U.S.C. § 554(b) provides that on request of a party in interest and after notice and hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

1

1. Debtor filed his Chapter 7 petition on June 26, 2011.

2. Alan S. Fukushima has been appointed as the interim trustee in the case.

3. The 341 Meeting is scheduled to be held on August 5, 2011 at 1:00 p.m.

4. Among the assets scheduled by the Debtor is a sole-proprietorship known as "Emerald Transport" located at 18898 County Rd 94B, Woodland, CA 95695.

5. The business is a trucking and hauling business that has no employees other than the debtor.

6. The Debtor has listed on the Voluntary Petition the DBA name of the business and has disclosed on the Statement of Financial Affairs #18-25 the business information.

7. On Schedule B on line #25 and #28 the debtor has listed the assets of the business. (See Exhibit A)

8. The Debtor has exempted the property on Schedule C pursuant to C.C.P. § 703.140(b)(6), (b)(2) and (b)(5). (See Exhibit B)

9. Debtor works out of his home and owns no retail or commercial leases.

10. The Debtor has submitted to the trustee and attached to Schedule J the profit and loss sheets of the business for the prior 6 months.

11. In light of the foregoing, even if the business could be sold, there is no equity in the business for the

benefit of the creditors of the bankruptcy estate, so
the property has no value to the Chapter 7 Trustee.

12. The Debtor needs to operate the business to generate
income to support himself and hereby requests that the
Court grant this motion so that he may operate the
business.

WHEREFORE, Debtor respectfully moves the Court, pursuant to
the provisions of 11 USC § 554(b) and Bankruptcy Rule 6007(b),
to order the Chapter 7 Trustee to abandon the subject business
to the Debtor, and to grant the Debtor such further and other
relief as the Court deems just and proper.

Dated: June 27, 2011

THE LAW OFFICES OF AARON C. KOENIG

BY: /s/Aaron C. Koenig
Aaron C. Koenig
Attorney for Debtor